IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>JEAN MANUEL ROSADO DE JESUS<br>Defendant | CRIMINAL 18-0755CCC |

## SCHEDULING ORDER

I.   SCHEDULE

(a)   **This case is set for jury trial, within speedy trial constraints, for APRIL 8, 2019** at **2:30 PM**.  Parties shall take notice that the regular working schedule will be 9:30 AM to 1:00 PM and 2:00 PM to 5:00 PM.

(b)   The government will provide all Rule 16 discovery to defendant and will file its designation of evidence no later than **JANUARY 22, 2019**.

1.   Automatic discovery by the government of the following material and information in its possession, custody or control, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

Within the term provided above, except where otherwise provided, the government shall disclose and allow the defendant to inspect, copy and photograph:

(A)   all relevant written or recorded statements or confessions made by the defendant, or copies thereof.

(B)   that portion of any written record containing the substance of any relevant oral statement made by the defendant, before or after arrest, in

CRIMINAL 18-0755CCC                    2

response to interrogation by a person then known to the defendant to be a government agent.

(C)  the substance of any other relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person then known by the defendant to be a government agent, if the government intends to use that statement at trial.

(D)  the defendant's arrest and conviction record.

(E)  recorded grand jury testimony of the defendant relating to the offense(s) charged.

(F)  all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963) and Kyles v. Whitley, 115 S.Ct. 1555 (1995).

(G)  the existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses within the scope of Giglio v. United States, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959), within the term of ten (10) days before trial, unless the government provides to the Court information of circumstances that call for later disclosure.

(H)  any witness statements, as defined in Federal Rules of Criminal Procedure 26.2(f) and 18 U.S.C. § 3500, at least ten (10) days prior to the commencement of the proceedings at which the witness is expected to testify, unless the government provides to the Court information of circumstances that call for later disclosure.

CRIMINAL 18-0755CCC                3

(I)   all books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to defendant.

(J)   any results or reports of physical or mental examinations, of scientific tests, or experiments made, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial.

(K)   in addition to the above the government shall:

- provide reasonable notice in advance of trial of any Rule 404(b) evidence,

- advise its agents and officers involved in the case to preserve all rough notes, and

- state whether the defendant was a party to any intercepted wire, oral, or electronic communication or a person against whom the interception was directed; if so, the government shall set forth in detail the circumstances thereof within the deadline established above.

(L)   If recordings will be introduced in evidence, the government shall provide defendant(s) with the complete transcripts of the recordings, and their English translations certified by a court interpreter, at least thirty (30) days before trial.  The transcript pages have to be numbered.  Any objections to the accuracy of the transcripts shall be raised twenty (20) days after their production or will be deemed waived, unless within that same term defendant

CRIMINAL 18-0755CCC                    4

submits an alternate transcript with its English translation or requests an extension to raise objections for good cause. The parties are reminded that if transcripts will be offered for use at trial, either as evidence or a jury aid, they should be authenticated in the same manner as tape recordings that are offered in evidence: <u>i.e.</u> by testimony as to how they were prepared, the sources used, and the qualifications of the person who prepared them.

  2. Automatic discovery by defendant of the following material and information in his/her possession, custody or control, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for defendant.

  (A) Upon disclosure by the government of the automatic discovery under item I(b)(1)(I) above, the defendant shall permit the government, within twenty (20) days thereafter, to inspect, copy and photograph any books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in chief at the trial.

  (B) Upon disclosure by the government of the automatic discovery under item I(b)(1)(J) above, the defendant shall permit the government, within twenty (20) days thereafter, to inspect, copy and photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends to introduce as evidence in chief at trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to that witness' testimony.

CRIMINAL 18-0755CCC					5

    3.    Exceptions to the automatic discovery.

If in the judgment of either party it would be detrimental to the interests of justice to make any of the disclosures set forth above, such disclosures may be declined if the opposing party is advised in writing of the specific matters on which disclosure is declined and of the reasons for declining within the deadlines for disclosure established above.  If the opposing party seeks to challenge the declination, said party shall file, within eleven (11) days after notice, a Motion for Further Discovery accompanied by a supporting memorandum and appropriate affidavits.

    4.    Discovery motions

The parties are barred, under penalty of imposition of sanctions, from filing motions addressed to any of the items of automatic discovery.  The only discovery motion allowed to be filed is the one permitted under item I(b)(3) above.  **The parties are reminded that their duty of disclosure and discovery is a continuing one.**

**(c)  All pretrial motions including motions to dismiss or to suppress shall be filed by FEBRUARY 25, 2019.  Any oppositions thereto will be due fifteen (15) days after the filing of the motion(s).  The Court finds that the interest of the defendant in adequately researching, drafting and filing of pretrial motions outweighs his interest and that of the community in a speedy trial.**

**(d) Any in limine motion raising objections to documentary evidence and any <u>Daubert</u> challenge to an expert witness shall be filed by FEBRUARY 21, 2019.  The Court finds that the interest of the defendant in adequately researching, drafting and filing in limine and <u>Daubert</u>**

CRIMINAL 18-0755CCC              6

**motions outweighs his interest and that of the community in a speedy trial.**

(e)   The parties shall conclude plea negotiations by **MARCH 26, 2019**.

(f)   All motions for change of plea must be filed by noon **MARCH 29, 2019**.

Defense counsel are admonished that they must diligently inquire with their clients if they wish to engage in plea negotiations so as to conclude these within a reasonable time before trial.  Any unnecessary jury costs because of lack of diligence in concluding plea negotiations may result in the imposition of sanctions upon the attorney responsible for the delay.

THESE DEADLINES WILL NOT BE EXTENDED UNLESS BY ORDER OF THE COURT AND FOR GOOD CAUSE SHOWN.

II.   CALENDAR CONFLICT

The parties are advised that, pursuant to Local Rule of Procedure 3.1(f), the following order of precedence has been established to resolve calendar conflicts amongst judicial officers:

a.   Trials shall take precedence over all other hearings.

b.   Jury trials shall take precedence over non-jury trials.

c.   Criminal cases shall take precedence over civil cases.

d.   Criminal cases involving defendants in custody shall take precedence over other criminal cases.

e.   Among criminal cases not involving defendants who are in custody, the case having the earliest docket number shall take precedence over the others.

CRIMINAL 18-0755CCC                    7

    f.    Among civil cases, the case having the earliest docket number shall take precedence over the others.

    Counsel are advised that, pursuant to said Rule, when there is a conflict between court appearances they have the obligation to notify each judicial officer involved, in writing, not later than three (3) business days after receipt of the notice giving rise to the conflict, indicating the names and docket numbers of each case and the date and time of the conflicting hearings.

    III.    PROPOSED VOIR DIRE AND JURY INSTRUCTIONS.

    The basic voir dire and jury instructions are, in general, prepared by the Court.  **The parties shall not submit instructions of the type that are ordinarily used in every case**.  They shall submit **only** special instructions or wording that they believe necessary for the specific facts of their case. Instructions should be carefully reviewed prior to submission.  The Court is not interested in receiving a panoply of possible suggested instructions from which to choose, for each point.  One for each specific point will suffice and differences in specific wording will be resolved at the charge conference.

    In an effort to streamline and facilitate the compilation of the instructions, the attorneys shall follow the requested format.  Submissions not complying with these requirements will not be considered.

    a.    Any preliminary jury instructions shall be packaged with the proposed voir dire.

    b.    Each instruction shall appear on a separate page, and be numbered and identified as to the party:  e.g. United States' Proposed Instruction #1.

    c.    Each instruction shall have a caption identifying its contents, e.g. Interstate Commerce - Definition.

CRIMINAL 18-0755CCC                              8

    d.    Each instruction shall be followed by a citation to a source, either an accepted pattern book or supporting case law.  Instructions taken from pattern books must be from the <u>current edition</u> and be identified by the year as well as the title.

    e.    All instructions supported by case law, treatises, articles, and the like, shall include as an addendum photocopies of the complete cases or materials cited therein.  Each photocopy shall be identified as to which instruction number(s) it supports, and the specific section supporting each instruction should be either highlighted or marked with brackets.  **The copies of cases and materials should not be filed.**

    Requested voir dire and instructions shall be filed no later than seven (7) working days before trial.  <u>Two</u> sets of working copies and <u>one</u> set of photocopies of supporting cases shall be delivered to chambers, in addition to the set filed**.**

    **<u>PARTIES FAILING TO TIMELY FILE THEIR INSTRUCTIONS, OR TO FULLY COMPLY WITH THE REQUIREMENTS FOR COURTESY COPIES AND CASE PHOTOCOPIES WILL WAIVE THEIR RIGHT TO PROPOSE INSTRUCTIONS</u>**.

    SO ORDERED.

    At San Juan, Puerto Rico, on December 19, 2018.

                                              S/CARMEN CONSUELO CEREZO
                                              United States District Judge